{¶ 21} I respectfully dissent. My perception of what is shown in the record is different than that of the majority. We seem to have a case where the exception is devouring the rule.
 {¶ 22} The rule in Ohio is that the owner must keep the premises safe for business invitees. The owner must warn the business invitee of any latent defects. This duty to warn applies to all hazards and excepts only those hazards which are so open and so obvious as to obviate the need to warn. This is where I disagree with the trial court and the majority opinion. *Page 13 
 {¶ 23} For example, as noted in the majority opinion, the Malajes testified that they had had problems with this step before. Previous customers had stumbled and they had put in, but later removed, a wooden ramp. There was testimony that the other stores with the drop-off had erected warning signs. There was testimony by the Malajes that they too had put up a warning sign, although this was refuted by appellant.
 {¶ 24} This is a summary judgment case where the evidence must be construed most favorably toward the party against whom the motion is made, here the appellant. Reasonable minds might conclude that in light of their previous problems with the step, and in light of their prior attempts to deal with it, that the Malajes were aware of the defect. The majority states that previous customers had stumbled, "without injury," is indicative of the open-and-obvious nature of the step. Implicit in that statement is the conclusion that the duty to warn does not arise upon the apprehension of a dangerous condition, but only when the condition causes injury.
 {¶ 25} Further, the Malajes testified that there was a warning sign on the day of the injury, although this is refuted by appellant. The majority holds that this conflict in the testimony is irrelevant to the question of open and obvious, and I agree. But, in construing the Malajes' testimony most favorably toward appellant, reasonable minds might well regard this as an admission against interest on their knowledge of the dangerous condition. Open and obvious is not a defense to a negligence action; it is a finding that there is no duty to be breached. If the testimony of the Malajes is that they had put up a warning sign, the open-and-obvious doctrine cannot apply.
 {¶ 26} Therefore, I respectfully dissent. *Page 1